The Chancellor.
As to the appointment of receiver, that matter is not properly before the court upon the present motion.- Because one partner filing a bill may be entitled, as of course, to a decree for dissolution, and for an injunction, so far as to prevent the other partner from carrying on business in the partnership name and on the credit of the partnership, it does not follow, of course, that a receiver is to be appointed. That is a matter somewhat in the discretion of the court. It is true, in Law v. Ford, 2 Paige 310, and in Martin v. Van Schaick, 4 Paige 479, the Chancellor states it to be a matter of course. But I have had occasion before to approve what was said by Lord Eldon in Harding v. Glover, 18 Ves. 281, disavowing, as a principle of this court, that a receiver is to be appointed merely on the ground of a dissolution of partnership. There must be some breach of the duty of a partner or of the contract of partnership to justify such appointment.
But the only question I have to decide now is as to the dissolution. As to the “ separating works,” as they are called, it is conceded that, as to them, the injunction *73 must be dissolved. The answer denies that there is any partnership between the parties in relation to those works; and where the answer denies the partnership, the court will not interfere with the property in dispute.
It appears, from the answer, that the complainant is entitled to a decree for dissolution, and an account and settlement of the partnership concerns. He is, therefore, entitled to an injunction, so far as it is necessary for his own proteetion. The defendants must be enjoined from contracting any more debts in the name of the partnership, and from transacting any more business on behalf of the firm, except so far as it may be necessary to close up and settle the partnership business. I cannot see any propriety in restraining the defendants from raising the ore. The terms of the agreement, or lease, with Morris are such as that no harm can happen to the complainant by permitting Frederick W. Fitchter to use the mine. He is a responsible man, as the bill admits, and is able to answer to the complainant or Mr. Morris for any ore he may raise there. The partnership is a very small affair; and if the complainant makes out his case to the full extent, he will hardly pay the costs of this litigation. It is not a suit I feel at all inclined to encourage, and I am certainly unwilling to make the injunction any broader than is necessary to protect the rights of the parties.
Let the injunction be dissolved as to the separating works; and as to the mine, let it be modified so as not to prohibit any of the parties from raising the ore.